Starr, Administrator v. Henshaw, Administrator.

STARR, ADMINISTRATOR DE BONIS NON OF CATHARINE WHITE-
HEAD, v. HENSHAW, ADMINISTRATOR OF WALKER,
DECEASED.

Interest allowed on a *scire facias* against an administrator on the
ground of a special agreement.

SCIRE FACIAS, showing that said Catharine, in July A. D.
1787, recovered judgment before the Superior Court against
said Henshaw, for the sum of £140 6s. 6d. lawful money, and
had execution in due form of law; that on the 17th of July
A. D. 1788 said Henshaw made and subscribed on the back
of said execution, his promise and engagement in consideration
of forbearance, and of two resolves of assembly, to pay the law-
ful interest, from the 2d of November A. D. 1787, until said
execution should be paid; and also agreed that the interest
should be collected of him at the same time and manner as the
principal debt. Praying for judgment for the sums in said
execution and also for the interest from said 2d of November
A. D. 1787.

The defendant demurred to this declaration; and assigned
for cause that said declaration was double, containing two dis-.
tinct matters — but did not point out wherein the duplicity
consisted.

Judgment — That the declaration is sufficient, and for plaintiff to recover the principal and the interest.

By the Court. Duplicity must be specially pointed out by the demurrer, or it will not hold. But here is no duplicity. It is not double nor inconsistent, to ask for the interest upon the judgment, or to enforce the reasonableness of having it by any agreement of the party or acts of assembly, or other reasonable cause. As the claim of interest was grounded upon the agreement of the defendant, indorsed upon the execution in manner aforesaid, and upon an act of assembly, which is a matter of record, the court had no difficulty in giving judgment for the interest with the principal.